IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ISAAC D. CASTILLO,

    Plaintiff,

v.                                                    CASE NO. 4:15-cv-498-RH-GRJ

JULIE JONES, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate in the Florida Department of Corrections presently confined at Hamilton Correctional Institution, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The Complaint stems from Plaintiff's removal from the Religious Diet Program at Hamilton CI.

Plaintiff failed to either pay the $400.00 filing fee ($350.00 fee plus $50 administrative fee)[1] or file a motion for leave to proceed as a pauper. Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]." Plaintiff has been ordered to correct this deficiency. Because it is clear, however, that the case is due to be dismissed for abuse of the judicial process, the undersigned concludes that disposition of the case should not be delayed pending resolution of the fee issue.

---

[1] If a prisoner is granted leave to proceed *in forma pauperis* the filing fee is paid in installments totaling $350.00.

Plaintiff executed the civil rights complaint form under oath. (ECF No. 1 at 20.) Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." (Doc. 1 at 3-4.) The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." ( ECF No. 1 at 3.) Plaintiff responded "No" to the questions regarding whether he has initiated any prior cases regarding the conditions of his confinement, and "No" in the section asking whether he ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service. (ECF No. 1 at 4.) Plaintiff made an annotation stating "not that I can recall to my knowledge.". (*Id.*)

A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegation, Plaintiff has filed four prior federal prisoner civil rights cases, a § 2255 motion to vacate, and a § 2254 petition for habeas corpus, and a federal petition for a writ of mandamus. *See Castillo, et al., v. U.S. Federal Public Defender's Office*, Case. No. 1:07-cv-21729-ASG, S.D. Fla. (civil rights suit dismissed August 16, 2007, for improper joinder of plaintiffs); *Castillo v. Department of Corrections Miami Dade County*

*et al.,* Case No. 1:09-cv-21127-PAS, S.D. Fla. (civil rights suit dismissed December 2, 2009 for lack of prosecution); *Castillo v. United States*, Case No. 1:09-cv-22651-DLG, S.D. Fla. (§ 2255 motion to vacate denied September 13, 2011); *Castillo v. State of Florida,* Case No. 1:11-cv-21982-JAL, S.D. Fla. (§ 2254 habeas petition denied September 6, 2012); *Castillo v. Perez,* Case No. 1:12-cv-22455-RNS, S.D. Fla. (civil rights suit dismissed September 12, 2012, for failure to state a claim because it was barred by the statute of limitations); *Castillo v. Locke*, Case No. 5:13-cv-269-RS-GRJ, N.D. Fla. (civil rights suit dismissed October 30, 2013, for abuse of the judicial process because Plaintiff failed to truthfully disclose his case filing history); *Castillo v. FDOC*, Case No. 1:14-cv-23438-JAL (mandamus petition dismissed January 6, 2015, for lack of jurisdiction).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an

---

[2]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form -- while attesting to the Court that the answers are made under oath -- impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed

before it.").

The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal. Plaintiff's sworn assertions in the Complaint that he has filed *no* previous federal cases (that he can recall) is wholly at odds with his extensive filing history, particularly in view of the facts that (1) a previous case was dismissed for failure to disclose his filing history and (2) his most recent federal case was dismissed in this calendar year. Further, at least two of Plaintiff's previous cases count as "strikes" pursuant to 28 U.S.C. § 1915(g): *Castillo v. Perez,* Case No. 1:12-cv-22455-RNS, S.D. Fla. (civil rights suit dismissed September 12, 2012, for failure to state a claim because it was barred by the statute of limitations); *Castillo v. Locke*, Case No. 5:13-cv-269-RS-GRJ, N.D. Fla. (civil rights suit dismissed October 30, 2013, for abuse of the judicial process because Plaintiff failed to truthfully disclose his case filing history).

The dismissal of this case for abuse of the judicial process will be Plaintiff's third strike. Plaintiff should be warned that he will not be permitted to bring a civil action or appeal a judgment in a civil action *in forma pauperis*, unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is therefore respectfully **RECOMMENDED** that this case should be **DISMISSED** for abuse of the judicial process.

**IN CHAMBERS** this 22nd day of October 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**